**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HUNTER'S RIDGE GOLF CO.,
INC., et al.,

               Plaintiffs,

vs.                                   Case No. 3:02-cv-602-J-32-MCR

GEORGIA-PACIFIC CORP.,

               Defendant.

**ORDER**

Before the Court is plaintiffs' "Motion to Compel Appearance of Thomas W. Irick for Deposition and to Compel Disclosure by Irick of all Matters Within his Knowledge Regarding the '1998 Appraisal' of Plaintiffs' Subject Property" (Doc. 91-1). Plaintiffs represent that defendant agrees to the relief requested in the motion.

Plaintiffs are seeking, through discovery, information about a 1998 real property appraisal done by Thomas W. Irick that is relevant to their alleged damages. According to Mr. Irick's affidavit attached to plaintiffs' motion, Mr. Irick did the appraisal as an independent contractor for Pardue & Company, Inc., which did contract work for General American Life Insurance Company ("General American") which, upon plaintiffs' information and belief, since has become affiliated with or absorbed by MetLife Inc. ("MetLife"). Mr. Irick represents that he is unable to discuss the appraisal without authorization from General American,

but that he does not know of anyone able to give such authorization.  Plaintiffs now move the Court for an order compelling Mr. Irick to appear at a deposition and disclose all matters within his knowledge and all documents in his possession, custody, or control relating to the appraisal.

As plaintiffs point out, the matter of obtaining testimony and documents from Mr. Irick was discussed at the May 3, 2005 hearing before this Court.  At the time, the Court did not appreciate that Mr. Irick resides in Atlanta, Georgia, over 100 miles away, or that plaintiffs have not yet served Mr. Irick with a subpoena duces tecum in accordance with Federal Rule of Civil Procedure 45.

The Court finds that the appraisal and related documents are relevant and necessary to meaningful discovery on alleged damages, and that such relevancy and necessity outweigh Mr. Irick's confidentiality concerns.  The Court further finds that Mr. Irick has attempted to comply with any confidentiality obligations he may have through his efforts to obtain General American's authorization prior to giving testimony or producing the appraisal or related documents.  Finally, the Court finds that Mr. Irick is required to respond to any subpoena duces tecum properly served on him in accordance with Federal Rule of Civil Procedure 45 if such subpoena is not subject to a motion to quash.  See Fed.R.Civ.P. 45(a)(2) and (e).  To alleviate any remaining confidentiality concerns that Mr. Irick may have, the Court will make the appraisal and any documents and testimony related thereto subject to the

Agreed Protective Order already entered in this case (Doc. 93).  Accordingly, it is hereby **ORDERED:**

    1.    Plaintiffs' "Motion to Compel Appearance of Thomas W. Irick for Deposition and to Compel Disclosure by Irick of all Matters Within his Knowledge Regarding the '1998 Appraisal' of Plaintiffs' Subject Property" (Doc. 91-1) is **GRANTED IN PART AND DENIED IN PART** as stated herein.

    2.    The 1998 appraisal of plaintiffs' property done by Mr. Irick, and any documents or testimony related thereto, is hereby subject to the Agreed Protective Order (Doc. 93).

    **DONE AND ORDERED** at Jacksonville, Florida, on June 16, 2005.

                                                       TIMOTHY J. CORRIGAN
                                                       United States District Judge

p.
Copies to counsel of record