UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HUNTER'S RIDGE GOLF CO., INC., et al.,

        Plaintiffs,

vs.                               Case No.  3:02-cv-602-J-25MCR

GEORGIA-PACIFIC CORPORATION,

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiffs' Fourth Motion to Compel (Doc.

127) filed January 5, 2006.  Plaintiffs, Hunter's Ridge Golf Co., Inc., Hunter's Ridge

Residential Golf Properties, Inc. and Hunter's Ridge Timber Co., Inc. (collectively

"Plaintiffs"), request Defendant, Georgia-Pacific Corporation ("Georgia-Pacific"), be

compelled to produce more adequate responses to Plaintiffs' fourth request for

production along with a log of documents withheld based upon privilege.  Georgia-

Pacific filed a response in opposition, asserting that it had produced or made available

all non-privileged documents responsive to Plaintiffs' requests.  Additionally, Georgia-

Pacific  requests the Court enter a protective order relieving it of any "purported"

obligation to provide Plaintiffs a privilege log describing documents protected as work

product.  (Doc. 134).

**I.     Summary of the Parties' Positions**

**A.     Plaintiffs**

Plaintiffs maintain Georgia-Pacific has failed to adequately respond to a number of its discovery requests.  Plaintiffs claim that despite its claims that it has produced or made available all documents responsive to the requests at issue, Georgia-Pacific has made available only a small quantity of documents at the offices of Plum Creek Timber Company ("Plum Creek").  In light of Georgia-Pacific's previous assertions that certain documents were not in its possession, custody or control by virtue of its merger with Plum Creek, Plaintiffs are unable to determine whether Georgia-Pacific's responses are intentionally ambiguous or actually true.  Plaintiffs therefore argue Georgia-Pacific should be compelled to either produce all documents responsive to their requests in the possession, custody or control of both Georgia-Pacific and Plum Creek or provide supplemental responses stating that the documents requested do not exist.

Plaintiffs further maintain Georgia-Pacific has asserted attorney-client and work product privilege with respect to most of their requests for production, but has failed to produce a privilege log as required under Fed. R. Civ. P. 26.  According to Plaintiffs, they are entitled to know whether Georgia-Pacific has documents responsive to their requests.  If so, Plaintiffs further argue they are entitled to sufficient information about those documents to evaluate whether any privilege in fact applies.

**B.     Georgia-Pacific**

Georgia-Pacific maintains it has produced or made available all non-privileged documents responsive to each of Plaintiffs' requests.  Georgia-Pacific asserts that in

investigating the underlying facts of Plaintiffs' claims, its counsel has interviewed witnesses and reviewed thousands of documents/items from various non-party sources to gather information bearing on the parties' dispute and that such information constitutes work product protected from discovery.  Additionally, Georgia-Pacific requests the Court enter a protective order relieving it of its obligation to provide a privilege log.  In support, Georgia-Pacific asserts the documents selected and compiled during the course of its counsel's investigation of this case are only within its custody and control because its counsel obtained them.  Therefore, Georgia-Pacific argues that these documents are not responsive to discovery requests directed to a party.  Further, Georgia-Pacific claims that compiling a privilege log in this case would be unduly burdensome.

## II.    Discussion

Parties are entitled to discovery regarding any matter that is relevant to any claim or defense and is non-privileged.  Rule 26(b)(1), Fed.R.Civ.P.  The party seeking production must demonstrate that the request is relevant, i.e., calculated to lead to admissible evidence, although the requested material need not itself be admissible at trial.  Rule 26(b)(1), Fed.R.Civ.P.  Pursuant to Rule 37(a)(2), the Court may compel production of requested documents, if the documents are discoverable under Rule 34(a).  Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders

will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1. In the instant matter, Plaintiffs seek more complete responses to its discovery requests to Georgia-Pacific.  Georgia-Pacific takes the position that it does not need to provide any further documents because the requests seek information protected by the work product doctrine.  Additionally, Georgia-Pacific seeks a protective order.  The Court will address each of these issues.

### A.    Plaintiffs' Requests for Production

In their motion, Plaintiffs seek to compel more adequate responses to their Fourth Request for Production.  In their reply memorandum, Plaintiffs argue that in light of Georgia-Pacific's previous assertions that certain documents were not in its possession, custody or control because of its merger with Plum Creek, Plaintiffs are unable to determine whether Georgia-Pacific's responses are intentionally ambiguous or actually true.

Without separately addressing each, Georgia-Pacific maintains it has produced all non-privileged documents in its possession, custody or control responsive to Plaintiffs' requests.  Georgia-Pacific further maintains that, to the extent Plaintiffs request documents it has independently secured from third-parties in investigating the claims of this case, the documents are work product and therefore, protected from discovery.

Claims of work product immunity are governed by Rule 26(b)(3) of the Federal Rules of Civil Procedure, which states in pertinent part:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable ... and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Rule 26(b)(3), Fed.R.Civ.P.  "'The burden of establishing that a document is work product is on the party who asserts the claim.'"  Freiermuth v. PPG Industries, Inc., 218 F.R.D. 694, 700 (N.D. Ala. 2003) (quoting, Hodges, Grant & Kaufmann v. United States Government, Dept. of the Treasury, Internal Revenue Service, 768 F.2d 719, 721 (5th Cir. 1985)).  Here, Georgia-Pacific claims that any documents it obtained from a third-party are protected by the work product doctrine as they were gathered by attorneys in anticipation of litigation.

It is well settled that ordinarily, the work product doctrine does not shield from discovery documents created by third-parties. <u>Matter of Grand Jury Subpoenas Dated Oct. 22, 1991, and Nov. 1, 1991</u>, 959 F.2d 1158, 1166 (2nd Cir. 1992) (citing, <u>United States v. Nobles</u>, 422 U.S. 225, 238-39 & n. 13, 95 S.Ct. 2160, 2170 & n. 13 (1976)). However, an exception to this general rule exists "where a request is made for documents already in the possession of the requesting party, with the precise goal of learning what the opposing attorney's thinking or strategy may be . . ." <u>Id.</u> (citing, <u>Gould Inc. v. Mitsui Mining & Smelting Co., Ltd.</u>, 825 F.2d 676 (2nd Cir. 1987) and <u>Sporck v. Peil</u>, 759 F.2d 312, 316 (3rd Cir. 1985), <u>cert.</u> <u>denied</u>, 474 U.S. 903, 106 S.Ct. 232 (1985). This exception has been described as "narrow" and requires the showing of "a real, rather than speculative, concern that the thought processes of counsel in relation to pending or anticipated litigation would be exposed." <u>Gould</u>, 825 F.2d at 680.

To support its claim of work product, Georgia-Pacific cites to the cases interpreting this exception. Specifically, Georgia-Pacific cites to a state court opinion, <u>Smith v. Florida Power & Light, Co.</u>, 632 So.2d 696 (Fla. 3rd DCA 1994)[1] as well as several federal decisions, including the leading case, <u>Sporck</u>, 759 F.2d at 316 and <u>Shelton v. American Motors Corp.</u>, 805 F.2d 1323, 1329 (8th Cir. 1986). However, the instant case can be distinguished from the cases cited by Georgia-Pacific. For

---

[1] Georgia-Pacific is correct that Fed. R. Evid. 501 provides that Florida law of privilege governs in a federal diversity law suits, however, as the work product doctrine is a limitation on discovery, federal law governs. <u>Auto Owners Ins. Co. v. Totaltape, Inc.</u>, 135 F.R.D. 199, 201 (M.D. Fla. 1990) (citing, <u>Hickman v. Taylor</u>, 329 U.S. 495, 512, 67 S.Ct. 385, 394 (1947)). Accordingly, Georgia-Pacific's state court cases on discoverability of documents secured by counsel are not binding authority.

example, in <u>Sporck</u>, the plaintiff alleged that the defendants conspired to artificially

inflate the value of their corporation's stock.  The defendants' attorneys prepared a

witness for deposition by showing him numerous documents which they had selected.

The defense counsel allowed the witness to answer factual questions and questions

regarding what individual documents he relied on to answer those questions.  However,

when plaintiff's attorneys requested the identification and production of the documents

utilized by the witness to prepare for his deposition, defense counsel objected on the

basis of opinion work product.  The plaintiff filed a motion to compel production of these

documents, which was granted by the district court.  The court held that although the

selected grouping of documents was work product, it was not entitled to the absolute

protection afforded opinion work product.  On a writ of mandamus, the Court of Appeals

reversed and remanded noting that the process of selecting documents to prepare a

witness for deposition reflected counsel's mental impressions and legal opinions as to

how the evidence and documents related to the issues in the case.

Likewise in <u>Shelton</u>, the plaintiffs in a products liability action sought to depose

defendant's in-house counsel to ensure that the defendant had responded fully to their

document requests.  During the deposition, the witness repeatedly refused to answer

questions on the basis of the work product doctrine, stating that any knowledge she had

regarding those documents was acquired in her capacity as in-house counsel assisting

the company in connection with litigation.  The district court ruled that the witness was

required to answer the questions.  When she failed to do so, the district court entered a

default judgment on the issue of liability.  On appeal, the Eighth Circuit held that the

work product doctrine protected against the plaintiff's attempted inquiry because:

> [the witness's] selective review of [Defendant's] numerous
> documents was based upon her professional judgment of
> the issues and defenses involved in this case.  This mental
> selective process reflects [the witness's] legal theories and
> thought processes, which are protected as work product.

Shelton, 805 F.2d at 1329.  Additionally, the court determined that:

> any recollection [the witness] may have of the existence of
> documents in [defendant's] possession likely would be
> limited to those documents she has selected as important to
> her legal theories concerning this case. Thus, contrary to the
> plaintiffs' argument, the questions asked require more than
> merely acknowledging the existence of certain documents.
> If [the witness] were compelled to acknowledge whether
> specifically described documents exist, she necessarily
> would reveal her mental selective process. [This]
> acknowledgment would indicate to her opponent that she
> had reviewed the document and that, since it was important
> enough to remember, she may be relying on it in preparing
> her client's case.

Id.  Thus, the order entering a default judgment consequently was reversed.

In the instant case, Georgia-Pacific was not asked to produce all of the

documents they selected for a deponent to use in preparing for a deposition or all

documents an attorney could specifically recall.  Nor was Georgia-Pacific asked to

produce all documents compiled from third-parties (as was the case in the Smith case

relied on by Georgia-Pacific).  Instead, Plaintiffs asked Geogia-Pacific to produce

documents relating to specific allegations in the litigation, such as all documents relating

to any instances since 1993 where Georgia-Pacific entered property not owned by

Georgia-Pacific in relation to a wildfire.  As such, the requests by Plaintiffs are not

directed at learning what counsel for Georgia-Pacific deems relevant or important but

rather at locating all pertinent documents in this case.  Accordingly, the risk that

Plaintiffs will learn the mental impressions or legal opinions of defense counsel is far

less than in the cases cited by Georgia-Pacific.

As one court noted, the issue in both the <u>Sporck</u> and <u>Shelton</u> cases

> was not so much whether the work product doctrine shielded
> counsel from producing certain documents, for it appears
> they had been produced in the course of discovery; rather,
> the issue was whether counsel was obliged to identify from
> voluminous discovery materials those discrete documents
> that the attorney had selected for review with his client in
> advance of deposition, or that an attorney specifically
> recalled as existing in her client's files.  The courts ruled that
> such narrowly focused inquiries constituted impermissible
> intrusions into attorneys' thought processes in preparing
> their clients' defenses.

<u>In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002</u>, 318 F.3d 379,

385 (2nd Cir. 2003) (internal citations omitted).  As stated above, Plaintiffs' discovery

requests are not geared at learning attorney thought processes and as such, do not

require the production of information protected by the work product doctrine.  Moreover,

Georgia-Pacific has not indicated that Plaintiffs already have access to the documents

at issue.

Furthermore, "[n]ot every selection and compilation of third-party documents by

counsel transforms that material into attorney work product."  <u>Id.</u> at 386.  In order to fit

within the "narrow exception" to the general rule that third-party documents in the

possession of an attorney do not warrant work product protection, the party asserting

the privilege must show "'a real, rather than speculative, concern' that counsel's thought

processes 'in relation to pending or anticipated litigation' will be exposed through

disclosure of the compiled documents."  Id. (quoting, Gould., 825 F.2d at 680 and

Matter of Grand Jury Subpoenas Dated Oct. 22, 1991, and Nov. 1, 1991, 959 F.2d at

1167).  This burden cannot be met through conclusory statements in a court filing, such

as those in Georgia-Pacific's response to the instant motion, which simply assert that

"[i]n connection with this investigation, Georgia-Pacific has interviewed scores of

witnesses ... and culled through thousands upon thousands of documents from various

non-party sources to identify and select documents that may have some bearing on the

dispute."  (Doc. 134, p.2).  Georgia-Pacific has not provided the Court with any further

detail regarding its counsel's procurement of the documents such as when they were

obtained, whether they were obtained prior to the commencement of the instant suit or

how the attorneys went about obtaining the documents.  Such information is necessary

to make a determination that the work product doctrine should apply.  Accordingly, the

Court finds Georgia-Pacific has failed to satisfy its burden of showing that the

documents it obtained from third-parties should be protected from disclosure as work

product and therefore, Plaintiffs' Fourth Motion to Compel (Doc. 127) is **GRANTED**.

Georgia-Pacific is ordered to provide Plaintiff with all documents responsive to Plaintiff's

discovery requests or to provide a supplemental response stating that neither it nor

Plum Creek has possession, custody or control of such a documents no later than

**March 10, 2006**.

**B.      Georgia-Pacific's Motion for Protective Order**

As for Georgia-Pacific's request for a protective order relieving it of any "purported" obligation to produce a privilege log describing documents and other items identified during its counsel's investigation of Plaintiffs' claims (Doc. 134, p.7), such is denied.  As the undersigned finds Georgia-Pacific may not invoke the work product doctrine to shield documents it obtained from third-parties, there is no need for Georgia-Pacific to complete a privilege log with respect to these documents.  Accordingly, Georgia-Pacific's arguments against creating a privilege log (that the documents sought by Plaintiffs are not responsive to a discovery request directed to a party and that it would be unduly burdensome) no longer apply.  However, to the extent Georgia-Pacific withholds documents pursuant to another claim of privilege, it is ordered to produce a privilege log no later than **March 10, 2006**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __3rd__ day of March, 2006.

_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

-11-