UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HUNTER'S RIDGE GOLF CO., INC., et al.,

    Plaintiffs,

vs.                                                Case No.  3:02-cv-602-J-25MCR

GEORGIA-PACIFIC CORPORATION,

    Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Leave to Serve Additional Interrogatories and to Shorten Time for Defendant's Response (Doc. 141) filed January 27, 2006.  Defendant filed its response in opposition (Doc. 149) on February 13, 2006.  In their motion, Plaintiffs seek an Order allowing them to propound an additional ten interrogatories.  Defendant objects to the additional interrogatories.

The Local Rules of this Court limit the number of interrogatories any party may serve.  Local Rule 3.03(a) states:

> Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts.

Accordingly, pursuant to this rule, the Court must determine whether the party seeking to enlarge the number of interrogatories has shown sufficient cause for the enlargement.  Local Rule 3.03(a) mirrors Rule 33 of the Federal Rules of Civil

-1-

Procedure, which likewise limits the number of interrogatories served to twenty-five. Rule 33 further provides that "[l]eave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2)." Rule 26(b)(2) directs the Court to limit discovery to the extent:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Rule 26(b)(2), Fed.R.Civ.P. Accordingly, provided the Court is satisfied Plaintiffs have shown sufficient cause for the additional interrogatories, the Court must determine whether any of the considerations in Rule 26(b)(2) weigh against permitting additional discovery.

Here, Defendant objects to the additional ten interrogatories for four reasons. First, Defendant claims Plaintiffs have already had sufficient opportunity to conduct discovery. Next, Defendant argues that several of the interrogatories are duplicative of earlier discovery requests by Plaintiffs. Additionally, Defendant argues that Plaintiffs should not be permitted to propound further interrogatories because pursuant to Rule 33(d), the information sought from the interrogatories may be derived from records previously produced to Plaintiffs and the burden of ascertaining the information is the same for Plaintiffs as it would be for Defendant. Finally, Defendant objects to Plaintiffs'

proposed interrogatory no. 9, which calls for all information Defendant intends to use to impeach any witness.[1]

As an initial matter, Plaintiffs have not provided the Court with any reasons for their inability to obtain the information sought in the additional ten interrogatories earlier.[2] Accordingly, the undersigned finds Plaintiffs have not shown sufficient cause for the additional interrogatories as is required by Local Rule 3.03(a).

Even if Plaintiffs had presented sufficient cause for the additional interrogatories, the undersigned believes at least one Rule 26(b)(2) consideration weighs against permitting the additional discovery. The Court has reviewed Plaintiffs' proposed additional interrogatories and finds they seek information already requested in Plaintiffs' Fourth Request for Production of Documents. (Doc. 149, Ex. A). As the Court has ordered Defendant to provide more complete responses to these requests, Plaintiffs will obtain the information they seek in the form of documents.

As for Plaintiffs' proposed interrogatory no. 9, which seeks any information Defendant intends to use to impeach any witness, such an interrogatory is improper. Rule 26(a)(3) of the Federal Rules of Civil Procedure exempts parties from having to disclose evidence used solely for impeachment purposes because "pretrial disclosure

---

[1] Alternatively, if the Court grants Plaintiffs' motion, Defendant asks to be provided with thirty days to respond to the interrogatories.

[2] The Court does not understand and Plaintiffs have provided no explanation as to why they waited until after the expiration of the original discovery deadline and only thirty-two days before the expiration of the extended discovery period to seek leave to serve these additional interrogatories. As the Court notes below and Plaintiffs admit, these interrogatories seek essentially the same information requested in Plaintiffs Fourth Request for Production of Documents, which were served in November 2005. Accordingly, Plaintiffs knew of their need for this information back in November 2005.

would significantly diminish its impeachment value."[3]  <u>Bearint ex rel. Bearint v. Dorel Juvenile Group, Inc.</u>, 389 F.3d 1339, 1353 (11th Cir. 2004) (citing, <u>Denty v. CSX Transp.</u>, 168 F.R.D. 549, 550 (D. Or. 2000)).

Accordingly, after due consideration, it is hereby

**ORDERED**:

Plaintiffs' Motion for Leave to Serve Additional Interrogatories and to Shorten Time for Defendant's Response (Doc. 141) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  3rd  day of March, 2006.

_Monte C. Richardson_
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

[3]  Defendant cites to Florida cases to support its claim that producing impeachment evidence is improper, however, as a Federal Rule of Civil Procedure (Rule 26(a)(3)) is directly on point, federal law controls provided that it does not violate the Rules Enabling Act of the U.S. Constitution.  <u>Bearint ex rel. Bearint v. Dorel Juvenile Group, Inc.</u>, 389 F.3d 1339, 1353 (11th Cir. 2004) (citing, <u>Hanna v. Plumer</u>, 380 U.S. 460, 471, 85 S.Ct. 1136 (1965)).